996 F.2d 1218
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ricardo MARTIN, Defendant-Appellant.
 No. 92-4377.
 United States Court of Appeals, Sixth Circuit.
 June 15, 1993.
 
 1
 Before GUY and SUHRHEINRICH, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Ricardo Martin, a pro se federal prisoner, appeals a district court order denying his motion for bail pending review of a motion for a new trial. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Martin was convicted by a jury in December 1990 on one count of conspiracy to possess with intent to distribute cocaine, one count of attempting to possess with intent to distribute cocaine, and four counts of using a telephone to facilitate the commission of a felony. He was sentenced on May 3, 1991, to 151 months imprisonment and five years supervised release. Martin's first motion for a new trial, prepared by his attorney, was denied on May 6, 1991. He voluntarily withdrew his direct appeal, filed in this court, so that the district court could consider a pro se motion for a new trial. Martin then filed a series of pro se motions for a new trial and amendments thereto, all allegedly based upon newly discovered evidence; all were denied by the district court. The most recent motion was for reconsideration of the district court's marginal order denying Martin's motion for new trial filed on June 1, 1992. Reconsideration was denied.
 
 
 4
 Martin next filed the instant "motion for bail pending review of motion for a new trial on grounds of newly discovered evidence." While this motion was pending, Martin applied to this court for reinstatement of his direct appeal. The district court denied the motion for bail in a marginal order on November 19, 1992 for lack of jurisdiction. This court granted Martin's motion for reinstatement of his direct appeal (in Case No. 91-3438) in an order filed December 23, 1992. It is from the order denying bail pending the district court's review of a motion for a new trial that Martin now appeals in this Case No. 92-4377.
 
 
 5
 On appeal, Martin argues that the district court erred in summarily dismissing his bail motion and in finding that he does not raise meritorious issues which would warrant the granting of a new trial. In addition, he has filed motions for pauperis status and for the transmittal of the entire record of his criminal case, including the grand jury proceedings. The United States has moved to strike portions of Martin's pro se appendix because they are not part of the district court record of this case.
 
 
 6
 Upon review, we affirm the district court's order for the reason stated by the district court. That court clearly lacked jurisdiction over the bail motion because there was no underlying motion for a new trial still pending.
 
 
 7
 Accordingly, we grant the motion for pauperis status for the limited purpose of this review only, deny the motion for transmittal of the entire record, grant the motion to strike, and affirm the district court's order, filed November 20, 1993. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation